UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| JEREMY DWAYNE SMITH | CIVIL ACTION NO. 6:14-cv-0811 |
|---|---|
| LA. DOC #523901 | |
| VS. | SECTION P |
| | JUDGE. HAIK, |
| WARDEN BURL CAIN | MAGISTRATE HILL |

REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed on behalf of Jeremy Dwayne Smith pursuant to 28 U.S.C. §2254 on April 15, 2014.  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  He is proceeding herein through counsel, Mr. Michael Anthony Thomas.  Petitioner attacks his 2007 convictions for attempted second degree murder and armed robbery, entered by the Fifteenth Judicial District Court for Acadia Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

For the following reasons, **IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and because petitioner's claims are procedurally defaulted.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 23, 2004, the Acadia Parish Grand Jury returned true bills charging petitioner with attempted second degree murder and armed robbery. The criminal prosecution was assigned docket number 65845. On January 26, 2007, petitioner was found guilty as charged following a trial by jury. On August 8, 2007, petitioner was sentenced to 40 and 50 years, respectively, the sentences to run consecutively.

Petitioner directly appealed to the Louisiana Third Circuit Court of Appeals raising a single assignment of error – sufficiency of the evidence. On May 28, 2008, the Third Circuit affirmed petitioner's convictions and sentences. *State of Louisiana v. Jeremy Dwayne Smith*, KA-07-1384, 984 So.2d 238 (La. App. 5/28/2008). Petitioner did not seek further direct review in the Louisiana Supreme Court. [*See* rec. doc. 2, pg. 4, ¶ 9(g)].

On March 1, 2010, petitioner (apparently through Mr. Thomas) filed an application for post-conviction relief in the Fifteenth Judicial District Court raising the following claims for relief: (1) that petitioner's sentences were excessive; (2) that the prosecutor engaged misconduct during closing arguments; (3) that prejudicial testimony of trial witnesses was admitted; (4) that petitioner was denied his right to confront witnesses; (5) that petitioner was denied due process because he was denied the grand jury transcript, (6) that petitioner was denied due process when the victim testified as an expert on ballistics, (7) trial court threatened defendant's witnesses and misused the

sequestration order, and (8) ineffective assistance of trial counsel. [rec. doc. 2, ¶ 11(a) 1-5].  A hearing was held on May 4, 2011, at the conclusion of which, relief was denied. [rec. docs. 2, ¶ 11 (a) 6-8; 1-1, pg. 14-16].

On May 19, 2011, Mr. Thomas filed a Notice of Appeal seeking review of the denial of petitioner's application for post-conviction relief in the Third Circuit Court of Appeals; thereafter, several extensions of the return date for the appeal were granted. [rec. doc. 1-1, pgs. 18-21].

On November 7, 2011, the Third Circuit, citing La. C.Cr.P. arts. 912.1 and 930.6, ordered counsel to show cause why the appeal should not be dismissed since the judgment at issue was a not an appealable judgment. [rec. doc. 1-1, pg. 22]. Counsel thereafter acknowledged that the judgment was not appealable and requested the court to convert the appeal to a writ application, thereby invoking the court's supervisory jurisdiction. [rec. doc. 1-1, pg. 28].

On December 28, 2011, the Third Circuit dismissed the appeal and denied counsel's request to convert the appeal to an application for supervisory writs.  In so doing, the Court permitted petitioner to file a proper application for supervisory writs within 30 days.  [rec. doc. 1-1, pg. 26-28, *State of Louisiana v. Jeremy Smith*, 11-1371, 81 So.3d 1015, 2011 WL 6849641 (La. App. 3 Cir. 12/28/2011)].

On January 27, 2013, Mr. Thomas submitted a writ application.  However on April 3, 2013, the Court denied writs because the wit application was deficient because it did

3

not comply with Rule 4-5 of the Uniform Rules of the Courts of Appeal; a copy of petitioner's application for post-conviction relief, the complete transcript of the May 4, 2011 evidentiary hearing and the exhibits submitted at the hearing were not submitted. [rec. doc. 1-1, pg. 33, *State of Louisiana v. Jeremy Dwayne Smith*, No. KW 12-00115 (La. App. 3 Cir. 4/3/2013)].

On January 27, 2012, Mr. Thomas sought rehearing; however, the Third Circuit returned the application for rehearing unfiled pursuant to Rule 2-18.7 of the Uniform Rules of the Courts of Appeal, which states that applications for rehearing will not be entertained on a denied writ. The Court invited counsel to file a new application curing the deficiencies. [rec. doc. 1-1, pg. 32].

There is no evidence that Mr. Thomas ever filed a new or proper writ application in the Third Circuit or the that Third Circuit ever reviewed the merits of petitioner's claims. Moreover, it does not appear that Mr. Thomas ever properly sought review in the Louisiana Supreme Court. This Court's research reveals no decision by the Louisiana Supreme Court with respect to petitioner's convictions or sentences, either on direct review or in collateral proceedings. Indeed, petitioner admits this fact in his petition, explaining that petitioner is indigent, and his aunt, who was providing funds for petitioner's counsel, became ill. [rec. doc. 2, pg. 7, ¶ 11(d) and (e); pg. 14, ¶ 13(a) and (b); pg. 7, ¶ 12, ground one, two, three, and four (b); pg. 4, ¶9(g)].

Rather, on April 15, 2014, Mr. Thomas filed a number of documents in this Court, denominated as "exhibits", unaccompanied by a petition for federal *habeas corpus* relief. [rec. docs. 1 and 1-1]. Thereafter, on April 21, 2014, Mr. Thomas filed a standardized petition for federal writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. [rec. doc. 2]. In this petition, the following claims are raised: (1) ineffective assistance of trial and appellate counsel; (2) petitioner was denied due process when the Court permitted prejudicial comments by the prosecutor and witnesses; (3) that petitioner's sentences were excessive; and (4) that there was discrimination in the selection of grand jury foremen in petitioner's case and historically.

## LAW AND ANALYSIS

### I. Federal One-Year Limitation Period

Title 28 U.S.C. § 2244(d)(1)(A) provides a one-year statute of limitations for the filing of federal petitions seeking *habeas corpus* relief by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . . " 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] Nothing in the record suggests that any State created impediments prevented the filing of this petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [*See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period (*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) *citing Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)) and, of course, the limitations period is tolled only for as long as the state application remains "properly filed" and pending in the state's courts. *See Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner directly appealed his conviction to the Louisiana Third Circuit Court of Appeals. Notice of the Third Circuit's Judgment affirming petitioner's convictions and sentences was rendered on May 28, 2008. Therefore, under Louisiana Supreme Court Rule X, §5(a), petitioner had 30 days following the Third Circuit's mailing of its Notice of Judgment[2], or until June 28, 2008, to apply for review in the Louisiana Supreme Court for further direct review.[3] The record in this case clearly establishes that petitioner did

---

[2] Absent evidence to the contrary, this court presumes that the Third Circuit Court of Appeal followed its own rules and mailed Notice of Judgment on the same date that the judgment was rendered. *See* Uniform Rules – Courts of Appeal, Rules 2-16.4, 2-17.1.

[3] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . . No extension of time therefor will be granted."

not seek further review in the Louisiana Supreme Court.  Accordingly, for purposes of the federal one-year limitation period, petitioner's judgment of conviction  "became final by . . . expiration of the time for seeking [further direct]  review" under 28 U.S.C. §2244(d)(1)(A) on June 28, 2008, when the 30 day period set forth in Louisiana Supreme Court Rule X, §5(a) expired.  *See Butler v. Cain*, 533 F.3d 314, 317-318 (5th Cir. 2008).

Because petitioner's judgment of conviction became final for AEDPA purposes on June 28, 2008, he had one year, or until June 28, 2009 to file his federal *habeas corpus* petition.  The instant petition was not filed until, at the earliest, April 15, 2014.

Petitioner can not rely on the statutory tolling provision of §2244(d)(2) because by the time he filed his application for post-conviction relief in the Fifteenth Judicial District Court on March 1, 2010, the AEDPA period of limitations had already expired and could not be revived even if his application was otherwise timely under Louisiana law.  *See Butler*, 533 F.3d at 318 (finding that because the federal one year limitation period had expired before the petitioner's state post-conviction application was filed "there was nothing to toll").

Thus, under § 2244(d)(1)(A), it is clear that the instant  petition is untimely.

## II. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the

plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Moreover, equitable tolling is not warranted when an attorney merely commits error or neglect. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Petty*, 530 U.S. 361, 367 (5th Cir. 2008) *citing Riggs*, 314 F.3d at 799; *Brown v. Thaler*, 455 Fed. Appx. 401, 407 (5th Cir. 2011). When assuming without deciding that equitable tolling is available, the Supreme Court noted that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

The record does not support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were not extraordinary, rare or exceptional so as to provide a basis for equitable tolling. While petitioner argues that his indigency and the sickness of his benefactor, which resulted in a loss of funding for post-conviction counsel, warrant equitable tolling, those circumstances are not extraordinary, rare or exceptional. To the contrary, the Fifth Circuit has held that the fact of a

petitioner's incarceration, indigency and lack of representation do not warrant equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) *citing Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999), *United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) and *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Lookingbill v. Cockrell,* 293 F.3d 256, 264 (5th Cir. 2002); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Indeed, nearly every prisoner seeking collateral or *habeas* relief is indigent, incarcerated and proceeding *pro se.* Moreover, petitioner was not actively misled by the State of Louisiana. To the contrary, petitioner's failure to properly seek review in the Louisiana state courts and timely file his federal *habeas corpus* petition in this court are attributable solely to petitioner.

### III. Exhaustion of State Court Remedies and Procedural Default

Furthermore, even if the instant petition had been timely filed, this Court could not review petitioner's claims because they are procedurally defaulted.

The scope of federal *habeas* review is limited by the intertwined doctrines of procedural default and exhaustion. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state remedies, and the state court to which he would be required to petition

would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal *habeas* claim. *Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir. 1999) *citing Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

It is well settled that a petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

The exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court, in a procedurally proper manner, even when review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Mercadel,* 179 F.3d at 275 *citing Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). When a petitioner has raised a claim in a procedural context "in

which its merits will not be considered," he has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Louisiana, the highest court is the Louisiana Supreme Court.

Thus, in order to properly exhaust a claim, a federal *habeas corpus* petitioner must have fairly presented the substance of his federal Constitutional claims in a procedurally correct manner to the Louisiana Supreme Court.

In this case, petitioner's claims have never been presented to the Louisiana Supreme Court; therefore, these claims therefore remain unexhausted. It does not appear that petitioner ever properly presented his post-conviction claims to the Third Circuit. Moreover, even if the Third Circuit had reached the merits of any of petitioner's claims, under Louisiana Supreme Court Rule X, § 5(a), the time to present the claims asserted by petitioner in the Third Circuit to the Louisiana Supreme Court has expired. Moreover, these claims most probably cannot be considered by the Louisiana state courts in post-conviction proceedings because article 930.4 of the Louisiana Code of Civil Procedure generally prohibits successive or repetitive petitions, and because any such post-conviction application would most likely be deemed untimely under article 930.8.

A petitioner has "technically exhausted" his federal claims if he fails to properly and timely present the claims to the state courts and is thereafter barred from seeking

relief in those courts. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998) *citing Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *Coleman*, 111 S.Ct. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254-55; *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir. 1998). In such a case, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are considered "technically" procedurally defaulted. *Id.*

This court may therefore refuse to review petitioner's claims unless petitioner demonstrates that he should be excused from application of the procedural default doctrine by showing cause and prejudice for the default[4] or that a miscarriage of justice will result from the denial of federal *habeas* review.[5] *See Finley*, 243 F.3d 215, 220-221

---

[4] In *Murray v. Carrier*, the Supreme Court explained that "cause" requires an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (internal citations omitted).

[5] In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904. To support this assertion, the petitioner must allege that as a factual matter he did not commit the crime of which he was convicted. *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). Thus, the petitioner must make a "colorable showing of factual innocence." *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) *quoting McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993).

(5th Cir. 2001); *Coleman*, *supra*; *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir. 1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Sones*, 61 F.3d at 416. *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir. 1996) *quoting McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

The cause of petitioner's default was his failure to properly and timely present the substance of his federal *habeas corpus* claims to the Louisiana Third Circuit Court of Appeal or the Louisiana Supreme Court. This failure was clearly not "an impediment external to the defense." Moreover, petitioner's indigency and the illness of his benefactor are clearly not "impediment[s] external to the defense." Thus, petitioner has not shown "cause" for his default. This court therefore need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Likewise, petitioner has not shown that, as a factual matter, he is actually innocent of the crimes for which he was convicted, and, thus, he will not suffer a fundamental miscarriage of justice from this Court's failure to consider his claims. Indeed, given the Louisiana Third Circuit Court of Appeals' opinion on direct appeal finding sufficient evidence to support petitioner's convictions,[6] it appears unlikely that petitioner could

---

[6] The Third Circuit rejected petitioner's sufficiency of the evidence claim as follows:

In the present case, the Victim made numerous identifications of Defendant as the man who shot him. When the road crew found him immediately after the shooting, he stated

establish his actual innocence. Accordingly, petitioner cannot avoid procedural default on grounds of actual innocence.

For the reasons set forth above, petitioner's claims are technically procedurally defaulted. Therefore, this court is precluded from reviewing the merits of petitioner's claims.

---

> he had been shot by 'Fice.' An EMT (emergency medical technician) who arrived on the scene thought the Victim was close to death, so he asked who shot him. The Victim answered 'Fice from Rayne.' Detective Chade Gibson, of the Acadia Parish Sheriff's Office, testified that he spoke with the Victim in the ambulance at the scene. According to Gibson, the Victim identified the shooter as 'Fice,' a black male from Rayne.
>
> Gibson followed up by checking with Rayne police to see if they had any criminal records for a man named 'Fice.' Rayne authorities identified 'Fice' as Defendant's nickname; thus, Gibson learned Defendant's name and obtained a picture of him. He placed the picture among others in a photographic line-up, which he showed to the Victim at the hospital. The Victim identified Defendant in the photo line-up. Later, police arrested Defendant at the home of a man named Don Sarver; Defendant had the Victim's cell phone in his possession. Later, Sarver contacted police and advised them that he had a set of car keys at his house and they had not been there before Defendant had come to the residence. Gibson's investigation revealed the keys were for the Victim's car, which investigators found in Houston, Texas.
>
> \* \* \*
>
> State witness Exaviar Guidry testified that he previously dated Defendant's sister, had known him for years, and knew him as 'Fice.' At about 12:15 p.m., on the day of the shooting, he dropped off Defendant at 'Chimi-Chang,' a store in Rayne, near city hall. He saw Defendant get into a car that looked like a Crown Victoria with tinted windows. In an exhibit photo, the rear passenger windows appear to be tinted. However, on cross-examination, Guidry stated the car he saw did not look like a police car. Guidry's testimony negated Defendant's testimony on direct that he left Rayne at 9:00 or 10:00 a.m. and stayed in Crowley the rest of the day. However, on redirect, Defendant stated that he rode with Guidry before leaving town.
>
> The evidence needed to convict Defendant came from the Victim himself. Defendant took the stand and attempted to establish an alibi and shift the blame to Dante Williams and to the Victim himself. In convicting Defendant, the jury clearly chose to believe the victim. As the jurisprudence cited earlier shows, such credibility assessments are not to be second-guessed by reviewing courts.

*State v. Jeremy Smith*, 2007-1384, 984 So.2d 238, 241-242 (La. App. 3 Cir. 5/28/2008).

Therefore;

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and because petitioner's claims are procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge

issues a certificate of appealability, an appeal may not be taken to the court of appeals.

**Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana July 11, 2014

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RTH
On: 7/14/2014
By: MBD

16